COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

| | |
|---|---|
| Appellate case name: | Tory House, et al. v. The O'Quinn Law Firm, John M. O'Quinn & Associates, LLP, and T. Gerald Treece, as Independent Executor of the Estate of John M. O'Quinn, deceased |
| Appellate case number: | 01-14-00027-CV |
| Trial court case number: | 392,247-414 |
| Trial court: | Probate Court No. 2 of Harris County |

\*    \*    \*

| | |
|---|---|
| Appellate case name: | Rolando Acevedo, et al. v. The O'Quinn Law Firm, John M. O'Quinn & Associates, LLP, and T. Gerald Treece, as Independent Executor of the Estate of John M. O'Quinn, deceased |
| Appellate case number: | 01-14-00138-CV |
| Trial court case number: | Unassigned |
| Trial court: | Probate Court No. 2 of Harris County |

Appellees, The O'Quinn Law Firm, John M. O'Quinn & Associates, LLP, and T. Gerald Treece, as Independent Executor of the Estate of John M. O'Quinn, deceased, were sued by numerous parties, including the 263 plaintiffs ("Plaintiffs") and the 50 intervenors ("Intervenors"), the appellants in these appeals, in trial court cause number 392,247-404.[1] Appellees filed individual motions for partial summary judgment against each of the Plaintiffs and individual motions for partial summary judgment against each of the Intervenors. On November 5, 2013, the trial court signed an order granting appellees' "No Evidence Motions for Partial Summary Judgment as to Plaintiffs."[2] That same day, the trial court also signed a

---

[1] The names of the 263 plaintiffs and the 50 intervenors are delineated in the trial court's November 5, 2013 orders.

[2] The order granted summary judgment in favor of appellees against each of the 263 plaintiffs, who are now appellants.

separate order granting appellees' "No Evidence Motions for Partial Summary Judgment as to Intervenors."[3] Following the issuance of severance orders, both Plaintiffs and Intervenors filed notices of appeal seeking to challenge the trial court's November 5, 2013 orders.

On April 8, 2014, the Court abated the above-referenced appeals and remanded the cases for the trial court to clarify issues surrounding the severance of Plaintiffs' claims and the severance of Intervenors' claims. On April 15, 2014, the trial court held a hearing pursuant to the Court's order of abatement and entered written findings of fact and conclusions of law.

In its April 15, 2014 order, the trial court clarified that it intended to create two separate severed cases, one for Plaintiffs' claims and one for Intervenors' claims, so that Plaintiffs and Intervenors could perfect two separate appeals. The trial court ordered that the trial court clerk assign trial court cause number 392,274-414 to Plaintiffs' severed action and that the trial court clerk "assign a new separate and distinct cause number" to Intervenors' severed action. The trial court withdrew and vacated any severance orders that conflicted with its "December 18, 2013 Amended Orders of Severance," which severed Plaintiffs' claims and Intervenors' claims separately.

Accordingly, we **REINSTATE** the above-referenced cases on the Court's active docket.

In accordance with the trial court's April 15, 2014 order, we conclude that Plaintiffs' appeal from the trial court's November 5, 2013 "Order Granting [Appellees'] No Evidence Motions for Partial Summary Judgment as to Plaintiffs" is separate and distinct from Intervenors' appeal from the trial court's November 5, 2013 "Order Granting [Appellees'] No Evidence Motions for Partial Summary Judgment as to Intervenors." Therefore, we **ORDER** the Clerk of this Court to assign appellate cause number 01-14-00027-CV to Plaintiffs' appeal and to assign appellate cause number 01-14-00138-CV to Intervenors' appeal.

The trial court cause number assigned to Plaintiffs' appeal is 392,274-414. We **ORDER** the trial court clerk and/or the parties to file notice with the Clerk of this Court identifying the "new separate and distinct" trial court cause number assigned to Intervenors' appeal **within 10 days of the date of this order**.

Further, currently pending before this Court is Plaintiffs' and Intervenors' "Joint Motion to Return Clerk's Record and Order Filing of New Clerk's Record in Proper Form," in which Plaintiffs and Intervenors contend that the clerk's records filed by the trial court fail to adhere to the Texas Rules of Appellate Procedure, making it "extremely difficult to find individual documents and use the existing record." After considering the motion and reviewing the clerk's records in each appeal, we **GRANT** Plaintiffs' and Intervenors' motion and **STRIKE** the clerk's records filed on February 26, 2014 in appellate cause number 01-14-00027-CV and the clerk's records filed on February 26, 2014, February 28, 2014, and May 5, 2014 in appellate cause number 01-14-00138-CV.

We **ORDER** the trial court clerk to file a clerk's record in each of the above-referenced appeals, pursuant to the trial court's April 15, 2014 order and in accordance with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.5, 35.3(a); *cf.* TEX. R. APP. P. app. C (rules for preparation of electronic or paper clerk's record). The clerk's record from trial court cause

---

[3]    The order granted summary judgment in favor of appellees against each of the 50 intervenors, who are now appellants.

number 392,274-414 should be filed in appellate cause number 01-14-00027-CV and the clerk's record from the newly-assigned trial court case number, related to Intervenors' severed action, should be filed in appellate cause number 01-14-00138-CV.  The deadline for the trial court clerk to file proper clerk's records in these appeals shall be **45 days from the date of this order**.

Plaintiffs' and Intervenors' appellants' briefs will be due 30 days from the date the clerk's record is filed in their respective appeals.[4] *See* TEX. R. APP. P. 38.6(a).

Finally, "Appellants' Motion to Consolidate Appeals," filed by Plaintiffs in appellate cause number 01-14-00138-CV and prior to our abatement order is **DENIED**.

It is so ORDERED.


Judge's signature: /s/ <u>Evelyn V. Keyes</u>
      ☒ Acting individually ☐ Acting for the Court

Date:  May 29, 2014

---

[4]   The reporter's record has been previously filed in both appellate cause numbers 01-14-00027-CV and 01-14-00139-CV.